UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| DOUG HENDRIKS,<br><br>Plaintiff,<br><br>vs.<br><br>MIDWEST FAMILY MUTUAL INS CO,<br><br>Defendant. | 4:25-cv-__4155_____<br><br><br>**COMPLAINT**<br>**AND DEMAND FOR JURY TRIAL** |

COMES NOW Plaintiff Doug Hendriks, by and through his counsel of record, and for his causes of action against the Defendant, does hereby state and allege as follows:

## NATURE OF THE ACTION

This is a breach of contract and bad faith action brought by Plaintiff Doug Hendriks ("Plaintiff") against Defendant Midwest Family Mutual Insurance Company ("Defendant"). Plaintiff Doug Hendriks was injured by an underinsured driver in an automobile collision that occurred on October 11, 2019. He seeks to be made whole pursuant to the benefits available to him as an insured under his company's insurance policy with the Defendant. The Plaintiff also seeks to hold the Defendant accountable for its bad faith handling of his claims.

## PARTIES

1. Plaintiff Doug Hendriks is a citizen of the State of South Dakota and a resident of Sioux Falls, South Dakota.

1

2. Upon information and belief, Defendant Midwest Family Mutual Insurance Company is a corporation duly organized and existing under the laws of the State of Iowa, with its principal place of business in the State of Iowa.

## JURISDICTION AND VENUE

3. Plaintiff invokes the jurisdiction of this Court pursuant to 28 U.S.C. § 1332 based upon the diversity of the parties. The amount in controversy exceeds the sum of $75,000.

4. A substantial part of the events giving rise to this action occurred in South Dakota and, thus, venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2).

## FACTS

5. During the relevant dates in this matter, the Defendant provided insurance coverage to Block 20, LLC under Policy Number CPSD0560111896, which included underinsured motorist coverage with limits of $1,000,000 (the "Policy").

6. Plaintiff met the definition of an "insured" under the policy as he was the sole owner and manager of Block 20, LLC.

7. The Policy was fully paid, effective and in force during the relevant dates in this matter.

8. On October 11, 2019, while the Policy was in force, Plaintiff was injured by an underinsured motorist in an automobile collision in rural Lincoln County, South Dakota.

9. At the time of the collision, Plaintiff was working within the course and scope of his employment with Block 20, LLC.

10. The collision and Plaintiff's resulting injuries and other damages were the fault of James Ennis. The collision between Plaintiff and Mr. Ennis was solely and proximately caused by Mr. Ennis's negligence.

11. As a result of the collision, Plaintiff sustained, among other damages, injuries which required him to undergo surgery.

12. As a result of the collision, Plaintiff has incurred and will continue to incur significant damages including past and future medical expenses, prejudgment interest, past and future pain and suffering, past and future loss of enjoyment of life, mental anguish and disability.

13. Following the collision, Plaintiff reached a resolution with the at-fault party's insurance company for Mr. Ennis's policy limits of $50,000.

14. Mr. Ennis and the vehicle that he was driving were underinsured.

15. Defendant received notice of this settlement pursuant to *Schmidt v. Clothier* and elected to waive its subrogation right on September 14, 2020.

16. Plaintiff proceeded to accept the at-fault party's policy limits and contacted Defendant to collect the additional underinsured motorist benefits under the policies he held with Defendant.

17. Plaintiff was in insured under two policies issued by Defendant: Policy Number CASD0560045180 held by Northern Rental Corporation with underinsured motorist policy limits of $500,000 and the Policy at-issue held by Block 20, LLC with underinsured motorist policy limits of $1,000,000.

18. Defendant wrongfully maintained that Plaintiff did not meet the definition of an "insured" under the Policy at-issue held by Block 20, LLC, and there was no coverage available for Plaintiff under this Policy for the October 11, 2019 collision.

19. As a result, Plaintiff was forced to seek coverage under the Northern Rental Corporation Policy, which only had underinsured motorist policy limits of $500,000.

20. On December 2, 2021, Defendant agreed to tender the remaining policy benefits under the Northern Rental Corporation policy totaling $450,000 after the offset of the at-fault driver's policy limits of $50,000.

21. On March 26, 2025, the South Dakota Supreme Court issued the *Earll v. Farmers Mutual Insurance Company of Nebraska*, 2025 S.D. 20, 19 N.W.3d 536, decision which held that the "owned but not insured" exclusion for underinsured motorist benefits was against public policy.

22. On May 28, 2025, Plaintiff sent Defendant the *Earll v. Farmers Mutual Insurance Company of Nebraska* decision and requested that it review its previous denial of his underinsured motorist benefits under the Policy at-issue held by Block 20, LLC and requested that Defendant tender the remaining $500,000 in underinsured motorist benefits available to him under the Policy.

23. Plaintiff clearly met the definition of an insured under the Policy as he was the sole manager and owner of Block 20, LLC at the time of the collision and was working within the course and scope of his employment at Block 20, LLC at the time of the collision.

24. Defendant proceeded to unreasonably delay its coverage decision, and finally sent a letter, almost two months later, on July 22, 2025, with its coverage decision.

25. In the July 2025 letter, Defendant unreasonably stood by its denial under the Policy by claiming that Plaintiff did not meet the definition of an "insured."

26. Defendant wrongfully refused and still refuses to tender payment to Plaintiff of the remaining underinsured motorist benefits that he is owed under the Policy which is a direct violation of SDCL 58-33-67.

## COUNT ONE
### Breach of Contract

27. Plaintiff hereby realleges all the previous paragraphs and incorporates them as though fully set forth herein.

28. By virtue of its Policy of insurance in effect, on October 11, 2019, and the Plaintiff's status as an insured under the Policy, Defendant is contractually obligated to pay the Plaintiff's insurance benefits as a result of the automobile collision caused by the under insured driver that occurred on October 11, 2019.

29. The Defendant breached its duty to pay Plaintiff's insurance benefits pursuant to the Policy.

30. Plaintiff has been damaged in an amount due and owing under the contract of insurance.

31. Defendant's refusal to pay benefits was vexatious and without reasonable cause, and Plaintiff is entitled to attorneys' fees pursuant to SDCL 58-12-3.

## COUNT TWO
### Bad Faith

32. Plaintiff hereby realleges all the previous paragraphs and incorporates them as though fully set forth herein.

33. Because the Policy constituted a contract of insurance between Defendant and Plaintiff, there existed implied covenants of good faith and fair dealing between them.

34. Plaintiff suffered losses within the policy period that were compensable under the terms of the Policy, provided timely notice to Defendant of the occurrence giving rise to coverage and demanded payment for the same.

35. Defendant knew that there was a lack of reasonable basis for its denial or else acted in reckless disregard as to whether or not a reasonable basis existed for its denial.

36. Defendant failed to perform a reasonable investigation of Plaintiff's claim by, among other things, failing to acknowledge that the owned but not insured exclusion violates public policy pursuant to *Earll v. Farmers Mutual Insurance Company of Nebraska* and ignoring information presented by the Plaintiff.

37. Defendant has denied Plaintiff's claim for coverage in violation of the implied covenants of good faith and fair dealing and thereby committed bad faith.

38. In addition to the denial of benefits, Defendant committed bad faith against Plaintiff in the following ways:

    (a) Failing to properly investigate Plaintiff's claim for benefits;
    (b) Ignoring undisputed information regarding Plaintiff's damages and its wrongful denial of Plaintiff's claim; and
    (c) Basing its denial of benefits on an exclusion that has been deemed contrary to public policy under South Dakota law.

39. Defendant's refusal to provide coverage and honor the plain terms of its insurance contract caused substantial damages to Plaintiff including, but not limited to, out-of-pocket expenses, attorneys' fees, financial distress and emotional distress.

40.     Defendant used unfair and deceptive acts and practices in dealing with the Plaintiff's claim for coverage through, among other things, its failure to act on the claim, its failure to adhere to reasonable standards regarding the handling and denial of claim and its failure to reasonably investigate the claim.

41.     Defendant's pattern and practice of denying payment of benefits and failing to honor the plain terms of the insurance contract caused substantial damages to the Plaintiff.

42.     Defendant's refusal to provide coverage and to honor the plain terms of the insurance contract was willful, wanton and with reckless disregard, entitling Plaintiff to an award of punitive damages.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for the following relief:

(1)     For Plaintiff's compensatory, general, special and punitive damages in an amount that the jury deems just and proper under the circumstances;

(2)     For Plaintiff's costs and disbursements herein;

(3)     For Plaintiff's attorneys' fees and costs under SDCL 58-12-3;

(4)     For pre-judgment and post-judgment interest; and

(5)     For such other and further relief as the Court determines to be just and proper.

Dated this 14th day of August, 2025.

**JOHNSON, JANKLOW & ABDALLAH, L.L.P.**

BY _____
A. Russell Janklow (russ@janklowabdallah.com)
Erin Schoenbeck Byre (erin@janklowabdallah.com)
101 South Main Avenue, Suite 100
Sioux Falls, SD 57104
(605) 338-4304
*Attorneys for the Plaintiff*

## DEMAND FOR JURY TRIAL

Plaintiff hereby respectfully demand trial by jury on all issues so triable.

_____
A. Russell Janklow
Erin Schoenbeck Byre

8

JS 44 (Rev. 03/24)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
DOUG HENDRIKS

**DEFENDANTS**
MIDWEST FAMILY MUTUAL INS CO

**(b)** County of Residence of First Listed Plaintiff: Minnehaha
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Johnson, Janklow & Abdallah, LLP
101 S Main Ave, Suit 100, Sioux Falls, SD 57104
(605) 338-4304

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1  U.S. Government Plaintiff
- [ ] 2  U.S. Government Defendant
- [ ] 3  Federal Question (U.S. Government Not a Party)
- [x] 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [x] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [x] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [x] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **INTELLECTUAL PROPERTY RIGHTS** | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | | | [ ] 820 Copyrights | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 830 Patent | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | [ ] 840 Trademark | [ ] 460 Deportation |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 370 Other Fraud | [ ] 710 Fair Labor Standards Act | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 371 Truth in Lending | [ ] 720 Labor/Management Relations | **SOCIAL SECURITY** | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 380 Other Personal Property Damage | [ ] 740 Railway Labor Act | [ ] 861 HIA (1395ff) | [ ] 485 Telephone Consumer Protection Act |
| [ ] 195 Contract Product Liability | [ ] 362 Personal Injury - Medical Malpractice | [ ] 385 Property Damage Product Liability | [ ] 751 Family and Medical Leave Act | [ ] 862 Black Lung (923) | [ ] 490 Cable/Sat TV |
| [ ] 196 Franchise | | | [ ] 790 Other Labor Litigation | [ ] 863 DIWC/DIWW (405(g)) | [ ] 850 Securities/Commodities/ Exchange |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 791 Employee Retirement Income Security Act | [ ] 864 SSID Title XVI | [ ] 890 Other Statutory Actions |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights | **Habeas Corpus:** | | [ ] 865 RSI (405(g)) | [ ] 891 Agricultural Acts |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee | | **FEDERAL TAX SUITS** | [ ] 893 Environmental Matters |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment | [ ] 510 Motions to Vacate Sentence | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 895 Freedom of Information Act |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations | [ ] 530 General | | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 896 Arbitration |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 535 Death Penalty | **IMMIGRATION** | | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | **Other:** | [ ] 462 Naturalization Application | | |
| | [ ] 448 Education | [ ] 540 Mandamus & Other | [ ] 465 Other Immigration Actions | | [ ] 950 Constitutionality of State Statutes |
| | | [ ] 550 Civil Rights | | | |
| | | [ ] 555 Prison Condition | | | |
| | | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 USC Section 1332

Brief description of cause:
Breach of contract and insurance bad faith

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $** in excess of $75,000

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [x] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE: 8-14-2025

SIGNATURE OF ATTORNEY OF RECORD: *[signature]*

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____